IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JARMAL JABBAR SANDERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-922-MHT-KFP |
| JOHN HAROLD MERRILL, et al., | ) ) ) | |
| Defendants. | ) | |
| JARMAL JABBAR SANDERS, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-1061-MHT-KFP |
| JOHN H. MERRILL, et al., | ) ) ) | |
| Defendants. | ) | |
| JARMAL JABBAR SANDERS, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-07-MHT-KFP |
| JOHN H. MERRILL, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

The pro se Plaintiff in these consolidated cases has filed Complaints alleging that his civil rights were violated by Defendants when his name was left off the United States presidential ballot in November 2020. Before the Court are the following motions filed in Case No. 21-CV-07: (1) Motion to Dismiss the Complaint or, in the Alternative, for a More

Definite Statement (Doc. 11) filed by Defendants John Merrill and Governor Kay Ivey; (2) Plaintiff's Motion to Amend Complaint (Doc. 24); and (3) Plaintiff's Motion to Overturn Election Results (Doc. 7). Upon consideration of the motions, it is ORDERED:

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

When considering a pro se litigant's allegations, a court holds him to a more lenient standard than those of an attorney. *Barnett v. Lightner*, No. 13-CV-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). However, a court cannot rewrite a pro se litigant's deficient pleading to sustain an action. *Id.* (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal,* 556 U.S. 662)). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal,* 556 U.S. at 681). Moreover, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989)).

The Complaints filed by Plaintiff in these consolidated cases, as well as his proposed amended complaint, fail to satisfy Rule 8(a)(2) or Rule 10(b) described above. They are "shotgun" pleadings, which the Eleventh Circuit has described as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. **The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.** The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another,

3

to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (emphasis added). Plaintiff's Complaints meet the second, third, and fourth criteria above, as the pleadings contain conclusory, vague, or immaterial facts not connected to a particular cause of action; fail to articulate causes of actions or claims for relief separated into different counts; and fail to identify specific conduct or claims against each specific Defendant. In short, the filed Complaints and Plaintiff's proposed amended complaint fail to give adequate notice of the *specific* acts or omissions alleged to be committed by *each* Defendant, the *specific* claims against *each* Defendant, and the grounds on which those claims rests.

For the above reasons, the Court finds that Plaintiff must file an amended complaint before this lawsuit can proceed. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Davis v. Main St. Fam. Pharmacy, LLC*, No. 5:16CV45-MW/GRJ, 2016 WL 9185284, at *1 (N.D. Fla. Apr. 18, 2016) (finding that rather than granting a motion to dismiss "the better course is to require a more definite statement . . . to cure the deficiencies that make it a 'shotgun' pleading"). An amended complaint, "if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming

and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of 'the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses.'" *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996) (quoting *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984)).

Plaintiff is cautioned that the deficiencies described above are not exhaustive; they are merely instructive. Plaintiff's amended complaint must satisfy the pleading requirements of the Federal Rules of Civil Procedure <u>and</u> address any meritorious arguments raised by Defendants' in their Motion to Dismiss, as the amended complaint may be subject to dismissal on those grounds as well.

With respect to Plaintiff's Motion to Overturn Election Results, the Court notes that the motion is essentially a reiteration of the conclusory statements and requests for relief in Plaintiff's Complaints. Plaintiff cannot obtain the relief he seeks simply by converting a complaint into a motion, and a motion consisting entirely of conclusory statements does not warrant relief.

Accordingly, it is ORDERED:

1. Plaintiff's Motion to Amend Complaint (Doc. 24) is GRANTED to the extent that Plaintiff may file an amended complaint but DENIED to the extent that he may file the proposed amended complaint attached to his motion. By **May 14, 2021**, Plaintiff must file one amended complaint that cures the deficiencies identified above and fully complies with this Order and the Federal Rules of Civil Procedure. **If the amended complaint fails to comply with this Order and the Federal Rules of Civil Procedure or if it fails to**

**address any meritorious arguments in Defendants' Motion to Dismiss, it will be subject to dismissal on those grounds.**

    2.      Plaintiff's Motion to Overturn Election Results (Doc. 7) is DENIED.

    3.      Defendants' Motion to Dismiss (Doc. 11) is DENIED.

    4.      Defendants' Motion for More Definite Statement (Doc. 11) is GRANTED to the extent that Plaintiff must file an amended complaint as set forth above.

Upon the filing of an amended complaint by Plaintiff, the Clerk is DIRECTED to serve all Defendants in the consolidated actions with a copy of the summons and amended complaint.

Done this 27th day of April, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE