IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JARMAL JABBAR SANDERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-922-MHT-KFP |
| JOHN HAROLD MERRILL, et al., | ) ) ) | |
| Defendants. | ) | |
| JARMAL JABBAR SANDERS, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-1061-MHT-KFP |
| JOHN H. MERRILL, et al., | ) ) ) | |
| Defendants. | ) | |
| JARMAL JABBAR SANDERS, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-07-MHT-KFP |
| JOHN H. MERRILL, et al., | ) ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 15). A plaintiff in a civil case has no constitutional right to counsel. An indigent plaintiff may be appointed counsel under 28 U.S.C. § 1915(e)(1), but a court retains broad discretion in making that decision. *See Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999).

Appointment of counsel in civil cases is justified only by exceptional circumstances, such as the existence of facts and legal issues so novel or complex that a trained practitioner is required. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotation and citation omitted). The key is whether the pro se litigant needs help in presenting the essential merits of his position to the court. *Id*. Upon review of this matter, the Court finds that this case is not so novel or complex that an attorney is required for Plaintiff to present the merits of his claims and that no other exceptional circumstances exist to justify appointment of counsel. Accordingly, Plaintiff's motion is DENIED.

    Done this 19th day of May, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE